## CLAUDE NEON FEDERAL CO. v. LARKINS et al.

No. 25346   May 26, 1936.

Rehearing Denied June 23, 1936.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Willingham & Farris and Hayson & Lukenbill, for defendants in error.

CORN, J. This appeal involves the validity of a provision in a contract for liquidated damages. The trial court sustained a demurrer to the evidence and rendered judgment for defendants and against the plaintiff. For reversal of said judgment plaintiff brings this appeal. The parties will be referred to herein as plaintiff and defendants, as they appeared in the court below.

The rule as to liquidated damages is fixed by statute in this state, the statutory provision being as follows:

Section 9489, O. S. 1931:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

Section 9490, O. S. 1931:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damages sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

A provision in a contract for liquidated damages, to be valid, must fall within the foregoing exception, and the burden is upon the plaintiff to show that from the nature of the case it would be impracticable or extremely difficult to fix the actual damages for the breach of the contract. It is therefore a question of law for the court to determine from the evidence as to whether the actual damages may be ascertained with a reasonable degree of accuracy, or whether it would be impracticable or extremely difficult to fix the actual damages.

In the contract sued upon the Claude Neon Federal Company of Oklahoma agreed to erect a neon business sign for defendants and maintain the same at its own expense for a period of 36 months, and the defendants agreed to pay as rental for the sign the sum of $45 upon the signing of the contract and $15 per month, payable in advance, until the contract price of $540 was paid in full.

Section 15 of the contract reads as follows:

"If there be default in payment of any monthly rate as herein provided, or other condition as herein expressed, or upon refusal or neglect of the customer to accept the sign when tendered by the company, it is hereby agreed that in any such event the customer shall pay the company upon demand nine and no/100 dollars ($9.00) for each month of the unexpired portion of the contract, which sum is agreed to be the actual loss which would be suffered by the company in any such event and is not a penalty. The total sum covering the unexpired term become due and payable on demand. The company may also remove the sign from the customer's premises in addition to requiring the payment of the damages as aforesaid."

The defendants, after making the down payment of $45 and after paying the monthly installments for eight months, defaulted and the plaintiff took possession of the sign and filed suit to recover $9 per month for the remainder of the term of the contract.

Plaintiff did not allege, nor was any proof offered at the trial, that the nature of the case was such that it would be impracticable or extremely difficult to fix the actual damages for the breach of the contract, but simply relied upon the sufficiency of the stipulation to establish its right to recover.

Oklahoma cases bearing upon this question are cited and discussed by this court in the case of United States F. & G. Co. v. Great Southwestern Petroleum Co., 97 Okla. 79, 222 P. 560.

In view of the plaintiff's failure to establish its right of recovery under the foregoing statute, the trial court committed no reversible error in sustaining the demurrer to the evidence and rendering judgment for the defendants. The judgment of the trial court is, therefore, affirmed.

RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and BUSBY, JJ., absent.