RED EAGLE v. FREE.

No. 30579.   Oct. 27, 1942.

*130 P. 2d 308.*

386

Tillman & Tillman, of Pawhuska, I. F. Long, of Hominy, and Kelly Brown, of Muskogee, for plaintiff in error.

T. F. Dukes, of Hominy, for defendant in error.

PER CURIAM. Magdalene Free, hereinafter referred to as plaintiff, instituted this action on September 30, 1940, against Mae Red Eagle, hereinafter referred to as defendant, to recover the sum of $40,000 as actual damages and the sum of $20,000 as punitive damages for the alienation of her husband's affections by the defendant.

Plaintiff in her petition alleged, in substance, that she and Melvin Free had intermarried March 14, 1931, and that said marriage had been reasonably happy for some time thereafter, and of said union there was born one child about November, 1935; that the defendant, Mae Red Eagle, a wealthy member of the Osage Nation, had made the acquaintance of plaintiff's husband sometime unknown to plaintiff and had begun and continued a course of conduct calculated to alienate the affections of plaintiff's said husband and to transfer the same to the defendant; that by gifts of money and clothes and by the extension of personal favors defendant had over a period of years succeeded in depriving plaintiff of her husband's affections and in acquiring the same for herself so that as a result, on February 2, 1940, plaintiff's husband left her and took up his abode with the defendant, and thereafter on September 23, 1940, filed an action for divorce against the plaintiff, which action was then pending; that plaintiff had been obliged to seek aid of the courts to compel her husband to perform his obligations to plaintiff and their child, and that defendant had gone to the assistance of plaintiff's husband by procuring bonds for him and in other ways, and that by reason of all of said acts defendant had finally and completely alienated the affections of plaintiff's said husband and deprived plaintiff permanently of his society, assistance, conjugal fellowship and consortium. The answer of the defendant was a general denial. Upon the issues thus framed trial was had to a jury. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $5,000. Motion for new trial was overruled, and defendant appeals.

As grounds for reversal of the judgment the defendant urges three propositions, which may be thus summarized: (1) The verdict is without the support of any competent evidence; (2) the court erred in admitting incompetent evidence and in instructions given the jury; (3) the plaintiff's action was barred by the statute of limitations.

The defendant under her first contention urges, in substance, that since

plaintiff's evidence shows that her husband was a thoroughly worthless individual, therefore she sustained no damage by being deprived of his companionship. In support of this novel and rather ingenious theory defendant cites 23 O. S. 1941 § 96, which limits recovery for breach of an obligation to the amount which might have been gained by its performance; and 23 O. S. 1941 § 97, which requires that recovery of damages in any case shall be reasonable; and the cases of Shuler v. Viger, 123 Okla. 110, 252 P. 18, and Whitehead v. Gormley, 116 Okla. 287, 245 P. 562, which state the general rule that a verdict unsupported by competent evidence will not be permitted to stand. The inapplicability of the statutes and the cases so cited is self-evident. The action of plaintiff was one for alienation of affections of her husband. The gist of such an action is the loss of society, affection, assistance, conjugal fellowship and consortium. Overton v. Overton, 121 Okla. 1, 246 P. 1095; Brown v. Brown, 104 Okla. 206, 230 P. 853. The evidence of plaintiff clearly established that defendant had very effectively deprived plaintiff of whatever affection her husband may have had for her and had succeeded in getting him to bestow such affections for whatever they may have been worth on the defendant. The evidence also established that defendant appeared to place considerable value upon the society and companionship of plaintiff's said husband, and irrespective of what others might consider such affections to be worth, the defendant is in no position to urge that the same were of no value to the plaintiff. The contention of the defendant relative to the insufficiency of the evidence to sustain a verdict for the plaintiff is wholly untenable. In an action of this nature the damages recoverable by the injured party are peculiarly within the province of the jury. Fife v. Adair, 173 Okla. 234, 47 P. 2d 145; Overton v. Overton, supra.

It is next urged that the trial court admitted improperly certain incompetent evidence. The evidence concerning which complaint is made being that offered in connection with the action which plaintiff had brought against her husband for wife and child desertion and in connection with a divorce action which her husband had subsequently instituted, all of which were incident to certain allegations made in the petition of the plaintiff; and, while said evidence was to a certain extent collateral, it was not wholly immaterial, since it tended to explain the effect which defendant's conduct had had upon the marital relation of plaintiff and her husband. As heretofore pointed out, in cases involving alienation of affections the rules governing the admissibility of evidence are to a certain extent sui generis. See Hafer v. Lemon, 182 Okla. 578, 79 P. 2d 216. The defendant also contends that the court erred in giving instructions Nos. 4 and 9. Instruction No. 4 merely advised the jury that the law presumed the existence of affection between husband and wife, and instruction No. 9 advised the jury upon the procedure which they should follow in the event they should find for the plaintiff and award her actual and punitive damages. The instructions given by the court were substantially the same as those which had been requested by the defendant. Defendant points to no particular vice in either instruction, and we perceive none therein. The complaint made thereof by defendant is too general to present any error.

It is finally contended that the action of plaintiff was barred by the statute of limitations. Such a defense is an affirmative one. The answer of defendant was a general denial. Even had the statutes of limitations been pleaded, however, we are of the opinion that it would have been untenable, since plaintiff alleged that defendant had by a series of acts and conduct extending over a period of years brought about the alienation of the affections of her husband and had permanently deprived her of his society and consortium on February 2, 1940, which was at a period well within that which plaintiff could

bring her action. See McKee v. McKee, 172 Okla. 35, 43 P. 2d 1041.

It appears that the cause was fairly tried upon instructions which were fundamentally correct, and that the verdict is not lacking in support of competent evidence. No reversible error is presented.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., absent.