GILMORE v. BATTLES.

No. 31280. Dec. 21, 1943.

*144 P. 2d 114.*

Fred W. Martin, of Wagoner, for plaintiff in error.

W. O. Rittenhouse, of Wagoner, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Wagoner county. F. B. Gilmore, doing business as Gilmore Motor Company, brought suit against Mary Ella Battles to collect $188.91, the commission alleged to have been lost to plaintiff by failure of defendant to accept an automobile purchased under contract. Judgment was rendered for the defendant, and plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

The record shows that the defendant signed a contract to purchase a Plymouth Tudor car at an agreed price of $870; that the plaintiff did not have in stock that particular car and had to order same from another dealer; that when plaintiff tendered the car to defendant she refused to accept same; that plaintiff sold the car to another purchaser for as much, and probably more, than defendant was to pay for same. The sale contract provided that:

"If full payment for new vehicle is not made within 30 days after notification that same is ready for delivery, dealer may cancel this order and it is agreed that the advance deposit or proceeds of sale of used car taken in trade, as the case may be, may be retained by dealer up to 20 per cent of the sales price of new vehicle ordered . . . ."

The plaintiff was unable to remember the date when the car was sold to another party. The record shows that this suit was filed 16 days after the purchase contract was signed, and further shows that a part of the time intervening was consumed in trying to locate and purchase the particular design of car contracted for.

It seems that the only question presented for our determination is, What is the measure of damages for loss of commission, where a person contracts to purchase a car at a stipulated price and to accept the same within a stipulated time, but refuses to accept same and the car is sold by the dealer to another party for the same, or a better price, before the expiration of the option date for acceptance by proposed purchaser?

The plaintiff has agreed in his brief that the purpose of awarding damages is to place the injured party in the same position as he would have been had the contract been fulfilled; that he is not entitled to gain by the breach, but he should be fully restored.

Considering this question, in Henry H. Cross Co. v. Bell Oil & Gas Co., 129 Okla. 188, 263 P. 1105, this court held:

"In measuring damages to the seller, upon breach of contract of sale by the buyer, sections 5987 and 6008, C.O.S. 1921, should be considered and con-

strued in connection with section 6013, and in no event should a greater amount in damages be allowed a party than such party could have gained by a full performance of the contract on both sides, except as otherwise provided by said section 6013."

It is true that the title to the property was not in the plaintiff at the time of the proposed sale, and his rights would be governed by the provisions of 23 O. S. 1941 § 32 (sec. 5987, C. O. S. 1921); but in the instant case the property was resold at a price equal to the proposed selling price. This court, further considering the damages growing out of refusal of acceptance under sale contract, in Guthrie Mill & Elevator Co. v. Thompson & Gibson, 89 Okla. 173, 214 P. 716, held:

"Where the seller of personal property, on refusal of purchaser to accept, elects to resell the same, it is not in general the duty of the seller to resell immediately or at the contract place for delivery; but it is generally his duty to resell within a reasonable time, and, in the absence of any evidence as to the market value of the goods at the time of the refusal to accept, the price received on resale will be regarded as market value."

In Gaines Bros. & Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 P. 112, this court further held:

"A commodity which one has refused to accept and pay for, according to contract, may be resold by the seller, for the purpose of fixing the amount of his damages caused by the breach of the contract by the purchaser to receive and pay for, with the costs of delivery to him.

"A resale of property is but the mere means of determining the precise amount of damages by the breach, while the incidental effect is to satisfy the loss suffered by the vendor to the extent of the proceeds from the resale. . . ."

Plaintiff further contends that he would be entitled to recover his commission by reason of certain language contained in the contract, relative to dealer's right to cancel the order upon purchaser's failure to accept the car, and to retain advanced deposit or proceeds of sale of used car taken in trade, wherein it is stated:

"Such retention of funds or lien shall constitute liquidated damages for purchaser's failure to complete full payment. Dealer may, at his option, return such funds or used car and hold purchaser liable for dealer's loss or damage by reason of purchaser's failure to complete such payment within thirty days."

Under the provisions of 15 O. S. 1941 §§ 213, 214, and 215, these stipulations in the sale contract are shown to be void. In McAlester v. Williams, 77 Okla. 65, 186 P. 461, this court held:

"The effect of section 974, Revised Laws 1910, is to reject and avoid the penal clauses in contracts, leaving the obligees to a collection of the actual damages sustained.

"The effect of sections 975 and 976, Revised Laws 1910, is to avoid, to that extent, every contract by which the amount of damages to be paid for the breach of a contract is determined in anticipation thereof, except where from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. Stipulations and conditions falling within the exception, the statute provides, 'shall be held valid.' "

To bring the provisions of a contract within these exceptions mentioned, it must be shown to the court by proper pleading and competent proof that the contract falls within the provisions, and that, from the nature of the cause, it would be impracticable or extremely difficult to fix the actual damages. Claude Neon Federal Co. v. Larkins, 177 Okla. 291, 58 P. 2d 882.

The plaintiff further contends that he would be entitled to judgment for the additional expenses incurred by reason of default of the purchaser. It is contended that "after the defendant refused to take the car the same was eventually sold again, and a new salesman's commission of 6% paid for the sale."

The plaintiff now seems to claim second commission paid as part of the ex-

penses for which he should have obtained a judgment. As has been fully shown by the pleadings, this is an action to collect the commission the plaintiff would have made from the sale of said automobile, which is alleged to be $188.91. Furthermore, the record does not sustain the plaintiff's contention that he paid a second commission for selling the car. Witness Leonard, agent of the plaintiff, and who placed the order for the car to be sold to defendant, testified that he worked on a stipulated salary and received a commission only when the commissions on sales would exceed the salary, and testified that it was his opinion that he was not entitled to any commission on this particular sale.

The plaintiff failed to show where any commission was lost to him or that any commission, except through stipulated salary, was ever paid to the agent for placing the order for the car to be sold to defendant, and in no event could the plaintiff recover in this suit, as damages, for commission paid to agent.

Finding no error, the judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS and HURST, JJ., concur. RILEY, WELCH, DAVISON, and ARNOLD, JJ., absent.