In the Matter of the Termination of the Parental Rights of Harry MULLINS, with respect to Kaye Lynn Mullins and Rodney Glenn Mullins, Minor Children.

Rita MULLINS, Appellant,

v.

Harry MULLINS, Appellee.

No. 53416.

Supreme Court of Oklahoma.

Jan. 29, 1980.

Rodgers & Link by Ted Ritter, Duncan, for appellant.

Jerome Sullivan, Jr., Duncan, for appellee.

HODGES, Justice.

The appellant, Rita Mullins, the mother of two minor children, is appealing from the vacation of a judgment in which the natural father's parental rights were terminated.

An action to terminate the parental rights of the father, Harry Mullins, for wilful failure to contribute to the support of the minor children was initiated by the mother on December 5, 1978. An order setting the matter for hearing and notice to the father were issued. At the hearing, Judge Perrine found that the father had wilfully failed to contribute to the support of the children for a period exceeding one year prior to the date the petition to terminate his parental rights was filed. The court ordered the father to pay the total arrearage before January 5, 1979, or suffer termination of his parental rights. The father failed to do so and an order of termination was entered.

The father filed a motion to vacate the judgment, and Judge Lindley sustained the motion based on the rationale that because there had been no prior adjudication that

the children were deprived, delinquent, or in need of supervision, the Juvenile Division of the District Court of Stephens County was without jurisdiction.

The mother has filed her brief-in-chief in compliance with the rules of this Court. The father filed a notice of intent not to file an answer brief.

■ The mother asserts that the district court had jurisdiction to terminate the rights of the father without a determination that the children were delinquent, deprived or in need of supervision. We agree. A plain reading of the statute unalterably supports her position. The applicable statute, 10 O.S.Supp.1977 § 1130(A)(4) provides in unambiguous language:

"The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, *but a court may terminate the rights of a parent to a child in the following situations.* [Emphasis Supplied]

4) A finding that a parent who does not have custody of the child has wilfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity."

The statute clearly provides that, even if a child is declared delinquent, in need of supervision, or deprived, parental rights are not necessarily terminated, and that parental rights may expressly be terminated for wilful refusal to contribute to the children's support in accordance with a court order to do so. This is in conformity with the obvious intent of the statute. A child may be receiving excellent care from the custodial parent, while the noncustodial parent refuses to obey a court order to contribute to the child's support. It would be ludicrous and perhaps impossible to require a determination of deprivation or delinquency under

these circumstances, and the irresponsible parent would not only be able to escape his responsibilities, but continue to enjoy the benefits of parenthood, including visitation, rights of inheritance and rights to the children's earnings. Such a result would not only be inequitable and unconscionable, it would violate the statute.

■ Where no answer brief is filed, and the omission is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court judgment, and will, ordinarily, where the brief-in-chief is reasonably supportive of the allegations of error, reverse the appealed judgment.[1]

We find the trial court erred in vacating the order terminating parental rights.

REVERSED.

All the Justices concur.

---

1. *Sneed v. Sneed,* 585 P.2d 1363, 1366 (Okl. 1978); *Harvey v. Hall,* 471 P.2d 911 (Okl.1970); *Cullison v. Triplett,* 281 P.2d 743 (Okl.1955); *Jenkins v. Thompson,* 207 Okl. 451, 250 P.2d 433 (1953).