**NORTH AMERICAN INVESTMENT CO., Appellee,**

v.

**Darla LAWSON, Appellant.**

**No. 79787.**

Court of Appeals of Oklahoma, Division No. 3.

April 13, 1993.

---

Leola C. Schumacher, Muskogee, for appellant.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

This is an appeal from an order awarding $300.00 to Landlord, (North American Investments Co.), in an action to recover delinquent rent in a residential landlord and tenant case.

Tenant, (Darla Lawson), lived in the home now owned by Landlord for almost two years. The rent was $150.00 per month. She moved there in mid-October 1990 on a month to month basis and thereafter paid rent on the 15th of the month. There was no written agreement with the original owner.

In October, 1991, the home was acquired by Landlord who on October 25, 1991, delivered a written statement to Tenant advising her the November rent was due on November 1, 1991, and if "not paid by November 10, it will be past due and a $2.00 per day late charge will be added retroactive to the 1st of the month."

According to Landlord's accounting ledger, Tenant owed Landlord $75.00 for October 15–31. Also, according to the ledger, Tenant was credited with paying $75.00,

the balance of October rent on November 8, 1991 and $150.00 on December 10, 1991.

Landlord designated the $150.00 payment as the November rental payment, yet he stated he "waived" the "penalty"[1] for November. Landlord's ledger indicates Tenant did not pay her December rent. In her narrative statement, Tenant stated, "The Defendant denies she failed to pay her December, 1991 rent." The record does not reflect evidence of additional payment.

Thereafter, from January through April, Tenant paid her $150.00 rental payment in full, at least by the 14th of each month, if not before.[2] However, Landlord's ledger indicates Tenant remained one month in arrears and was assessed a $2.00 per day penalty for every day of January, February, March, and April.

Moreover, pursuant to Landlord's calculations, Landlord credited the full $150.00 paid in December, January and February to rent *and* the late penalty accrued. For example, in March, Tenant paid Landlord $200.00, but Landlord credited $138.00 to rent and $62.00 to the December, 1990 late penalty. On April 1, 1991, Tenant paid $150.00 rent, but Landlord credited $12.00 for March rent, $62.00 for January late penalty, and $76.00 to April rent.

On April 21, 1991, Landlord filed his affidavit in Small Claims Court asking for $404.00 for rent, plus court costs and process server's fee and for possession of the subject property.

At the hearing, Tenant introduced into evidence Landlord's accounting ledger and asked the trial court to take judicial notice that Landlord's affidavit requested judgment for $404.00 plus costs when his accounting reflected an alleged debt of $344.00 as of April 21, 1991.[3]

The trial court granted "judgment for the Plaintiff in the amount of $300.00 (amended) plus $37.00 court costs plus

---

1. The term "penalty" was utilized by Landlord in his accounting ledger.

2. In March, Tenant paid Landlord $200.00.

3. Apparently, Landlord was asking for the $2.00 per day penalty for the entire month of April, even though such penalty could not have accrued yet.

$20.00 process server's fee. Order for possession to issue."

 As one of her propositions of error, Tenant contends the $2.00 per day late charge or "penalty" for delinquent rent is disproportionate to the amount of damages Landlord actually sustained, and is, therefore, void and unenforceable. We agree. Title 15 O.S.1992 § 213 provides, in part:

> Except as expressly provided in Section 15 of this title, penalties imposed by contract for any nonperformance thereof, are void....

If an amount of liquidated damages agreed upon is such as to be in effect a penalty, it is void under § 213. *See Reid v. Auxier,* 690 P.2d 1057 (Okla.App.1984). Title 15 O.S.1992 § 215 does allow a liquidated damages clause which;

> shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

Herein, Landlord's actual damages for delinquent rent would be the loss of use of the rental money for the period of time the rent was delinquent. His actual damages would not be impracticable or extremely difficult to fix. For Landlord to attempt to collect an average of $60.00 per month as a penalty on a property which rents for $150.00 per month is unconscionable.

 In the instant case, Landlord did not file an answer brief. Where no answer brief is filed, and the omission is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court's judgment, and will ordinarily, where the brief-in-chief is reasonably supportive of the allegations of error, reverse the appealed judgment with appropriate directions. *Matter of Mullins,* 606 P.2d 573 (Okla.1980). Tenant's brief is reasonably supportive of her allegations of error.

Concerning the 6 month period which is the subject of this action, Tenant paid for 5 months of rent. For one month, she offered no evidence of payment of the $150.00 payment. In April, she paid $50.00 more than the $150.00 payment. Thus, under the record before us, by subtracting $50.00 from the $150.00 payment she did not make, this Court finds Tenant owes Landlord $100.00 for the entire subject period. The assessed late charges or "penalties" are void and unenforceable.

The matter is REVERSED and REMANDED to the trial court with directions to modify that portion of the order awarding Landlord $300.00 and to, instead, award Landlord $100.00.

BAILEY, P.J., and HUNTER, J., concur.