1998 OK 22

**SUN RIDGE INVESTORS, LTD. d/b/a Sun Ridge Apartments, Appellee,**

**v.**

**Richard PARKER and Darlene Parker, Appellants.**

No. 86074.

Supreme Court of Oklahoma.

March 17, 1998.

Robert M. Goldman, Oklahoma City, for Appellee.

Joseph C. Schubert, Oklahoma City, for Appellants.

HARGRAVE, Justice.

¶1 We granted certiorari to resolve an apparent conflict between two divisions of the Court of Civil Appeals. The Court of Civil Appeals' opinion in the instant case was in conflict with *North American Investment Co. v. Lawson*, 1993 OK CIV APP 73, 854 P.2d 384, wherein the Court of Civil Appeals, Division III, found that a Landlord's $2.00 per day late fee *vis a vis* the $150.00 per month base rent was an unconscionable and unenforceable penalty.

¶2 The Parkers entered into a written lease agreement for the rental of an apartment at Sun Ridge Apartments in Oklahoma City. By the lease terms, the Parkers agreed to pay $465.00 per month as rent, payable on or before the first day of each month, without a grace period. If rent was not paid by the third day of the month, a $20.00 late fee would be assessed, in addition to five dollars ($5.00) per day until paid in full. There is no dispute about the $20.00 late fee; the issue is whether the $5.00 per day charge is permissible. The Parkers' rent for the month of February 1995 was late. Rental payments made after February 1995 were credited by the Landlord to past due sums, including the per diem late charge. The landlord gave notice to tenants of the manner in which the money was applied. The Parkers denied any obligation to pay the per diem late charges, claiming the late charge was not enforceable because it violated 15 O.S.1991 § 213, it was usurious and was an unenforceable penalty prohibited by *North American Investment Co., supra.* We agree.

¶3 The Parkers submitted their rent for July 1995, which they claimed was payment in full, but which the Landlord claimed was only a partial payment because of the accrued per diem late charges. The Landlord filed an action in forcible entry and detainer and the trial court granted possession to the Landlord and judgment for $330.00 in back rent, comprised of the per diem late charge. The Parkers appealed and the Court of Civil Appeals affirmed. The Parkers sought certiorari to this Court claiming that the Court of Civil Appeals' opinion was in direct conflict with *North American, supra.* We granted Appellant's petition for writ of certiorari.

¶4 Title 15 O.S.1991 § 213 provides: "Except as expressly provided in Section 215 of this title, penalties imposed by contract for any nonperformance thereof, are void . . ."

¶5 Title 15 O.S.1991 § 215(A) provides: "A stipulation or condition in a contract except a contract to purchase and sell real property, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

¶6 If the per diem charges are liquidated damages, then they are allowable. If they are a penalty for breach of the lease, they are punishment and therefore not allowable. In *North American, supra,* the Court of Civil Appeals found that the Landlord's actual damages for delinquent rent would be the loss of use of their rental money for the period of time the rent was delinquent. They determined that the landlord's actual damages would not be impracticable or extremely difficult to fix. They stated: "For Landlord to attempt to collect an average of $60.00 per month on a property which rents for $150.00 per month is unconscionable."

¶7 If liquidated damages agreed upon in a contract are such as to be in effect a penalty, they are void under statute providing that penalties imposed by contract for any nonperformance thereof are void. *North American Inv. Co. v. Lawson*, 1993 OK CIV APP 73, 854 P.2d 384. The Court of Civil Appeals has held, in breach of a real estate sales contract by the purchaser, that in light of the fact that the detriment suffered by the vendor could be established with reasonable certainty, liquidated damages were not available, notwithstanding contract language to the contrary. *Shaw v. Ferguson*, 1986 OK CIV APP 10, 767 P.2d 1358.

∎ ¶ 8 Courts generally identify three criteria by which a valid liquidated damages clause may be distinguished from a penalty: 1) the injury caused by the breach must be difficult or impossible to estimate accurately; 2) the parties must intend to provide for damages rather than for a penalty; 3) the sum stipulated must be a reasonable pre-breach estimate of the probable loss. *See, Abb's Moving Service, Inc. v. Wooldridge,* 612 So.2d 449, 451 (Ala.1993); *Highgate Associates, Ltd. v. Merryfield,* 157 Vt. 313, 597 A.2d 1280, 1282 (1991). *See also, Southern Motor Supply Co. v. Shelburne Motor Co.,* 172 Okla. 495, 46 P.2d 562, 564 (1935).

¶ 9 The Parkers complain that the rate of return realized in this instance from the late-charges clause is 390% per annum, and that the clause in question in the case at bar is only 7½% less than the clause declared void in *Lawson.* The Parkers argue that the burden was on the Landlord to prove that the late charges were a reasonable estimate of damages that would be difficult to ascertain, and argue that the Landlord never did so. They point out that the Landlord never offered evidence of an actual dollar amount on its alleged potential damages. Clearly, they say, the Landlord never presented evidence remotely suggesting that it suffered damages justifying the imposition of a $150.00 monthly late charge. They argue that *Lawson, supra,* applies.

¶ 10 The Landlord argues that the per diem charge is additional rent and that it is proper because the Landlord's actual damages in the event of breach are difficult to ascertain. They point to the testimony of their manager that when tenants fail to pay their rent in a timely manner, it affects the Landlord's ability to make its mortgage payment on time, it jeopardizes the Landlord's credit rating, it reduces the funds available to the Landlord for making repairs and performing maintenance, it causes costs incurred in the time spent by management personnel collecting late rental payments and the time spent in collecting late rent interferes with management's ability to perform its other responsibilities. Landlord attempts to distinguish *Lawson* on the basis that there was originally no written lease and that the Landlord did not file an answer brief. We do not find these arguments persuasive. In *Lawson,* the premises were sold to a new owner who gave the tenant written notice that rent would be due November 1 and that a late charge would be assessed if not paid by November 10. In striking down the late charge as unconscionable, the Court of Civil Appeals based its decision on the grounds that the penalty for delinquent rent was disproportionate to the amount of damages actually sustained by the Landlord. The Court of Civil Appeals did not base its decision on the fact that there had been no lease originally. The Court of Civil Appeals noted that they were under no obligation to search for a reason to uphold the trial court when a party does not file a brief, but again, this was not the rationale underlying the opinion.

∎ ¶ 11 The measure of damages for breach of contract is the amount that would place the aggrieved party in the position he would have occupied had the breach not occurred. *Red Eagle v. Free,* 191 Okla. 385, 130 P.2d 308 (1942). Title 23 O.S.1991 § 21 provides that the contract measure of damages is the amount that will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things would be likely to result therefrom.

¶ 12 In *Claude Neon Federal Co. of Chicago v. Larkins,* 177 Okla. 291, 58 P.2d 882, 883 (1936), we said that in determining the validity of a provision in a contract for liquidated damages, it is a question of law for the Court to determine from the evidence whether the actual damages may be ascertained with a reasonable degree of accuracy, or whether it would be impracticable or extremely difficult to fix the actual damages. In the case at bar, the Landlord made general assertions about their "damages" in the event of breach, but offered no evidence of their actual costs of collection, nor any evidence that such costs were in excess of the $20.00 late fee, which the tenants willingly paid.

¶ 13 In reviewing the case at bar, we find that the $5.00 per day "additional rent" sought to be imposed for late-payment or non-payment of rent is a penalty, in the absence of any evidence to the contrary showing actual costs incurred by the Landlord. The Landlord's damages as a result of

late payment of rent are not so difficult to ascertain so as to fall within the exception to the statute. The $5.00 per diem late charges, in addition to the $20.00 late fee, is excessive in this case.

¶14 We vacate the opinion of the Court of Civil Appeals and reverse the trial court's judgment awarding $330.00 to Landlord based on the per diem late charges and the award of attorney fees. Because at this time there is no prevailing party, there can be no attorney fees under 12 O.S.1991 § 1148.9. Both parties have sought appeal related attorneys fees, and for the same reason, both applications are denied.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED IN PART.**

¶15 KAUGER, C.J., and HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON and WATT, JJ., concur.

¶16 SUMMERS, V.C.J., concurs in result.