**MUSKOGEE REGIONAL MEDICAL AUTHORITY d/b/a Muskogee Regional Medical Center, Appellee,**

v.

**Karen PERKINS, Appellant,**

and,

**Robert Perkins, Jr., Defendant.**

**No. 83468.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 1, 1994.

Janice Walters Purcell, Legal Services of Eastern Oklahoma, Muskogee, for appellants.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

In this action originating in Small Claims Court, Appellant Karen Perkins (Perkins) seeks review of the trial court's order denying her claim for exemption from garnishment. Appellee Muskogee Regional Medical Authority (Authority) initiated the action to recover a money judgment in the amount of $2,336.45, plus costs, for medical services. The trial court entered judgment in favor of Authority for the full amount demanded. No appeal was taken from that judgment and it is final against Perkins and defendant Robert Perkins.

Authority then filed a Garnishment Affidavit and Wage Garnishment Summons, naming Muskogee Public Schools (School), Perkins' employer as garnishee. After School had filed its Garnishee's Answer/Affidavit, which calculated the statutory maximum garnishment amount, the court clerk served School with an order directing payment of the maximum amount, $193.82. Perkins filed her Claim for Exemption and Request for Hearing asking for full exemption of her wages because of undue hardship.

At the exemption hearing, which is documented by a properly certified narrative statement, Perkins introduced into evidence an estimated income and expense statement which reflected monthly expenses of $1,183.42, exclusive of food, clothing and amusement. In contrast, her monthly pay check, dated the day of the hearing, was for $569.68, after deductions including garnishment. While some of the items Perkins listed as expenses were deducted from her gross pay, an income deficit clearly is shown.

Perkins testified she supports her family of four. Her husband suffers from diabetes and sleep apnea. Her family obtains food solely from food stamps. Perkins stated upon cross examination that her family had no other sources of income. Perkins argued that total wage exemption was justified in accordance with 31 O.S.Supp.1993 § 1.1 (§ 1.1), or in the alternative that $193.82 per month was excessive and should be reduced.

The trial court took the matter under advisement. The initial order found for Authority, but granted the exemption for ninety days. The trial court issued a "corrected" order, also finding for Authority, but *denying* the claim for exemption for a period of ninety

days. Perkins brings this appeal from the order denying her claim for exemption.[1]

■ Despite a *sua sponte* Supreme Court order affording additional time to file, Authority failed to respond to Perkins' Petition in Error and is deemed to be in default. Perkins did file her Brief in Chief. Where no Answer Brief is filed, and, as here, that omission is unexcused, we are under no duty to search the record for some theory to sustain the trial court's judgment and will ordinarily, where the brief in chief is reasonably supportive of allegations of error, reverse the appealed judgment with appropriate directions. *North American Investment Co. v. Lawson,* 854 P.2d 384 (Okla.App.1993). We find Perkins' brief is reasonably supportive of her allegations of error.

Perkins first alleges the trial court erred in not finding her wages exempt from garnishment because of undue hardship. Section 1.1 provides:

B. In determining the existence of an undue hardship, the court should consider the family income, and expenses, and the standard of living created by the income and expenses. The court should also consider the standard of living in relationship to the minimal subsistence needs of the debtor, with comparison to the minimal subsistence standards in the community, in regard to basic shelter, food, clothing, personal property and transportation.... If deprivation of said earnings would create an undue hardship on the debtor and the family the debtor supports, the court may:
1. Order all or a portion of the personal wages exempt; or
2. In the case of a continuing wage garnishment pursuant to Section 1173.4 of Title 12 of the Oklahoma Statutes, modify or stay the garnishment.

■ The § 1.1 exemption pertains to "earnings from personal services necessary for the maintenance of a family supported wholly or partially by the labor of the debtor". It has been the rule in this jurisdiction from its earliest days that exemption statutes, being remedial, will be liberally construed, and the debtor will generally be given

the benefit of the doubt. *Nelson v. Fightmaster,* 4 Okla. 38, 44 P. 213 (1896). The purpose of exemption statutes is to protect the earner's family from "privation and want". *Pendergraph v. Edwards,* 283 P.2d 823 (Okla.1955).

■ We find the evidence establishes the Perkins family would have difficulty meeting its minimal subsistence needs even if Perkins' wages were not subject to garnishment. Garnishment of any part of Perkins' wages, particularly as the sole wage earner in the family, would only exacerbate their difficulties and lead to a sub-minimal subsistence level of family living. The trial court's judgment is not supported by the record.

■ As her second proposition, Perkins contends the trial court exceeded its authority by denying her claim for exemption for a period of ninety days. We agree.

In its Garnishment Affidavit, Authority chose not to request a continuing wage garnishment as allowed by 12 O.S.1991 § 1173.4. Such garnishment remains effective until the judgment is satisfied. While a restrictive period for claiming exemption may be appropriate where the garnishment is continuing, we find no authority for the trial court to prohibit reapplication if Authority again initiates garnishment proceedings. In the absence of such authority, the trial court's order denying the claim for exemption for ninety days is without effect.

The trial court's order denying Perkins' claim for exemption from garnishment is REVERSED and this matter is REMANDED to the trial court with direction to grant the exemption.

REVERSED and REMANDED.

CARL B. JONES and HUNTER, JJ., concur.

---

1. Perkins' appeal is filed *in forma pauperis* assisted by Legal Services counsel.