**In re Sonny Glenn BARNETT and Brenda Kay Barnett, Debtors.**

**Bankruptcy No. 97–12046–TS.**

United States Bankruptcy Court, W.D. Oklahoma.

Oct. 15, 1997.

L. Win Holbrook, Oklahoma City, OK, Trustee.

Rodney E. Freed & James E. Palinkas, Shawnee, OK, for Debtor.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTION OF EARNED INCOME CREDIT

JOHN TeSELLE, Chief Judge.

Pending before the Court are Trustee's Objection to Exemption [and] Motion to Turnover (hereinafter the "Objection") and Debtors' response thereto. The Court conducted a hearing on this matter, at the conclusion of which the Court took the matter under advisement. Having considered the pleadings, the arguments of the parties, and the applicable case law, the Court is of the opinion that Trustee's Objection should be overruled.

### Facts

1. Debtors filed their voluntary chapter 7 petition on March 5, 1997.

2. On July 10, 1997, Debtors amended Schedules B and C of their petition to reflect a Federal Income Tax refund of $2,380 and to claim as exempt that portion of the refund attributable to earned income credit.

3. On July 18, 1997, Trustee objected to Debtors' exemption of their earned income credit, to which Debtors replied.

4. On August 7, 1997, Debtors filed a further amendment, reflecting a Federal Income Tax refund of $3,400, and again claiming as exempt that portion of the refund attributable to earned income credit.

5. On August 13, 1997, Trustee objected to Debtors' claim of exemption, as further amended.

6. It was this matter which the Court heard and took under advisement.

### Applicable Law and Discussion

During the hearing, Debtors argued that 1) the earned income credit is not property of the bankruptcy estate; 2) the earned income credit constitutes support and is therefore exempt; and 3) the earned income credit is exempt under Oklahoma's undue hardship provision.[1]

Debtors' first argument, that the earned income credit in issue is not property of the bankruptcy estate, is premised upon In re Barowsky, 946 F.2d 1516 (10th Cir. 1991), and the legislative history of 26 U.S.C. § 32.[2] Barowsky holds that only "the portion of [a debtor's] income tax refund attributable to the pre-petition portion of the taxable year [in which the debtor filed for bankruptcy] constitutes property of the bankruptcy estate." 946 F.2d at 1519. Debtors argue the decision made in Barowsky can be expanded to encompass any tax payment from any source, including an earned income credit. Debtors then rely upon a provision of the legislative history of 26 U.S.C. § 43 for the proposition that where a taxpayer is entitled to an earned income credit, such payment is constructively made on the due date of the taxpayer's return or on the date which the taxpayer actually files his return. In this case, Debtors state they filed their chapter 7 bankruptcy petition on March 5, 1997, then filed their Federal income tax return on April 15, 1997. If, in accordance with the foregoing argument, payment of Debtors' earned income credit was constructively made on April 15, 1997, that was 41 days after their bankruptcy filing, and the earned income credit would thus not be property of Debtors' bankruptcy estate.

This argument has been effectively rejected in In re Fraire, 1997 WL 45465 (D.Kan. Jan. 2, 1997). In Fraire, debtor-appellants relied upon a case holding that earned income credits were not property of the estate because the bankruptcy petition was filed prior to the end of the tax year for which the earned income credits would accrue. Id. at *1. The Fraire court agreed with the appellees in that case that this approach appeared to be inconsistent with the Supreme Court's decision in Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 514–15, 15 L.Ed.2d 428 (1966), which held that "loss carryback tax refunds were property of the estate for bankruptcy purposes, even though the bankruptcy petition had been filed before the end of the

---

1. This provision is found in Okla. Stat. tit. 31, § 1.1.

2. As originally enacted, this statute was codified at 26 U.S.C. § 43.

tax year." *Id.* The *Segal* Court further noted that the term "property" had previously been "construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." 382 U.S. at 379, 86 S.Ct. at 515 (citation omitted).

■ Debtors next argued that the earned income credit is intended to be in the nature of support for low income families, and falls within the meaning of "support" as used in Okla. Stat. tit. 31, § 1(A)(19).[3] This argument has been addressed and rejected by Judge Bohanon of this district in *In re Clapp*, No. 96–10303–BH (Bankr.W.D.Okla. Feb. 25, 1997). Judge Bohanon held that the word "support" as used in § 1(A)(19) clearly "refers to support in keeping with domestic relation or divorce issues. It does not refer to support in the context of public support [or] public assistance." *See also Fraire*, 1997 WL 45465 at 3.

■ Finally, Debtors assert the earned income credit is exempt under Oklahoma's "undue hardship" provision. That statute provides that:

[f]ollowing the issuance of an execution, attachment, or garnishment . . . the debtor may file with the court an application requesting a hearing to exempt from such process by reason of undue hardship that portion of any earnings from personal services necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor. Okla. Stat. tit. 31, § 1.1(A). Where the court finds the existence of undue hardship, "the court may . . . [o]rder all or a portion of the personal wages exempt. . . ." *Id.* at § 1.1(B)(1). In this case, Debtors are attempting to support a family of five on $8,500 per year. Trustee concedes that Debtors' family would indeed suffer hardship if it is determined they are not entitled to the earned income credit. Thus, all that remains for consid-

eration by the Court is whether the earned income credit constitutes "earnings from personal services".

Only certain families with dependent children whose earned family income is less than $11,610 per year are entitled to receive earned income credit payments. 26 U.S.C.A. § 32 (1997). Congress designed this program "to provide relief to low income families who pay little or no income tax, and it was intended to provide an incentive to work rather than to receive federal assistance." *Rucker v. Secretary of the Treasury*, 751 F.2d 351, 356 (10th Cir.1984) (citation omitted). It therefore appears that a person must work and earn *some* income in order to receive earned income credit benefits. And while distribution of the earned income credit is effectuated via federal income tax returns, the credit does not constitute a refund because there is no requirement that federal income taxes be paid in order to receive the earned income credit. *Rucker*, 751 F.2d at 356 (citations omitted). In light of the foregoing, the Court is of the opinion the earned income credit supplements the wages earned and is in the nature of earnings from personal services.

To put this case in perspective, one need only step back and note we are dealing here with "poor, but honest" debtors for whom the government has enacted laws intended to relieve their extreme poverty. These are not the "high flying" debtors with above-average incomes that this Court frequently encounters. The debtors in this case are truly in need of a "fresh start" which the Bankruptcy Code was designed to provide. It is difficult to understand why more effort is not expended by other counsel, the trustees, and the courts to permit impoverished debtors to keep their earned income credit rather than expending time, effort and legal skills in trying to take the earned income credit away from such debtors.[4]

---

3. Though making their argument under a different exemption statute, Debtors informed the Court that Judge Lindsey, of this District, had previously determined that the earned income credit is not exempt under Okla. Stat. tit. 56, § 173 because that statute "does not provide an exemption for benefits received under federal

assistance programs or for general assistance payments." *In re Sudderth*, No. 91–0788–LN, slip op. at 4 (Bankr.W.D.Okla. Oct. 23, 1991).

4. *See* the New York Times' best-seller, PHILIP K. HOWARD, THE DEATH OF COMMON SENSE—HOW LAW IS SUFFOCATING AMERICA (1996).

While it appears the applicability of Okla. Stat. tit. 31, § 1.1 has not previously been considered by the courts, this Court is of the opinion the statute is applicable to the facts of this case and affords Debtors the relief which they seek.

### Decision

As set forth above, the Court is of the opinion that the earned income credit due Debtors constitutes earnings from personal services and that Debtors will suffer undue hardship if these earnings are deemed to not be exemptible from the property of the bankruptcy estate. Accordingly, the Court concludes that Debtors are entitled to exempt the earned income credit at issue pursuant to Okla. Stat. tit. 31, § 1.1.

IT IS SO ORDERED.