**In re Terrie Elaine DICKERSON, Debtor.**

**Terrie Elaine DICKERSON, Appellant,**

v.

**Susan J. MANCHESTER, Chapter 7 Trustee, Appellee.**

**BAP No. WO–98–059.
Bankruptcy No. 97–19682.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 15, 1998.

---

**8.** *Id.*

**9.** 223 B.R. at 519.

**10.** *Id.*

**11.** *Id.*

**12.** —— U.S. ——, 117 S.Ct. at 1886 (citations omitted).

## OPINION

BOULDEN, Bankruptcy Judge.

Are funds that a debtor receives from the United States as a result of qualifying for an earned income credit "earnings from personal service" as used in Okla. Stat. tit. 31, § 1.1.A, and thus property that is exempt from administration in this bankruptcy estate? We conclude the funds are not earnings from personal services and are not exempt under Oklahoma law. We therefore affirm the ruling of the bankruptcy court.

## BACKGROUND

Terrie Elaine Dickerson (Debtor) filed a 1997 federal income tax return that reported wages of $10,498. As the head of a household with two sons listed as dependants, the Debtor qualified for an earned income credit of $3,656. The Debtor filed a petition under Chapter 7 and claimed the funds as exempt under Okla. Stat. tit. 31, § 1.1. Susan Manchester, the Chapter 7 Trustee (Trustee), timely filed an objection to the Debtor's claimed exemption. Upon cross motions for summary judgment, the bankruptcy court issued a Memorandum of Decision and Order Sustaining Trustee's Objection to Debtor's Claim of Exemption (Order), holding that the Debtor's earned income credit was not exempt under Okla. Stat. tit. 31, § 1.1.A. This appeal followed.

## APPELLATE JURISDICTION

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The parties have consented to this Court's jurisdiction in that they have not opted to have the appeal heard by the United States District Court for the Western District of Oklahoma. *Id.* at § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the Debtor, and the bankruptcy court's Order is "final" within the

Submitted on the briefs: *

Thomas L. Allder, Oklahoma City, OK, for Appellant.

Susan Manchester, Taylor & Manchester, Oklahoma City, OK, for Appellee.

Before BOULDEN, ROBINSON, and MATHESON, Bankruptcy Judges.

* After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

meaning of § 158(a)(1). *See* Fed.R.Bankr.P. 8001–8002.

## STANDARD OF REVIEW

■ The Debtor does not ascribe error to the bankruptcy court's brief findings of fact, and neither party asserts that summary judgment was inappropriate due to the existence of material issues of disputed fact. Instead, the issue is whether the bankruptcy court's Order sustaining the Trustee's objection to the Debtor's claimed exemption was correct as a matter of law. In reviewing a grant of summary judgment, we review the case *de novo*, applying the same legal standards used by the bankruptcy court. *Hollytex Carpet Mills, Inc. v. Oklahoma Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.),* 73 F.3d 1516, 1518 (10th Cir. 1996). *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision. *Salve Regina College v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Summary judgment is appropriate where, as here, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Octagon Gas Sys., Inc. v. Rimmer,* 995 F.2d

948, 952 (10th Cir.), *cert. denied,* 510 U.S. 993, 114 S.Ct. 554, 126 L.Ed.2d 455 (1993).

## DISCUSSION

■ The sole legal issue in this case is whether funds paid to the Debtor as a result of qualifying for an earned income credit are exempt under Okla. Stat. tit. 31, §§ 1.1.A.[1] That section provides, in relevant part:

A. Following the issuance of an execution, attachment, or garnishment, ... the debtor may file with the court an application requesting a hearing to exempt from such process by reason of undue hardship that portion of any *earnings from personal services* necessary for the maintenance of a family or other dependents supported wholly or partially by the labor of the debtor. A debtor with no family or other dependents may not claim an exemption under this section. A hearing on the application shall be set and conducted in the manner provided by Section 1172.2 of Title 12 of the Oklahoma Statutes and subsection D of Section 1174 of Title 12 of the Oklahoma Statutes.

Okla. Stat. tit. 31, § 1.1.A. (emphasis added).[2] Thus, in determining whether funds received due to earned income credits are

---

1. The Debtor also claims the funds are exempt under Okla. Stat. tit. 31, § 1.A.19. This statute was not addressed by the bankruptcy court in its Order. The Trustee argues that the issue has not been preserved for appeal because, although § 1.A.19 was briefly mentioned in the Debtor's Amended and Supplemental Response to Trustee's Objection to Debtor's Claimed Exemptions and Brief in Support, at p. 3, the statute was not listed as a grounds for exemption in the Debtor's schedules. This assertion is supported by the record. Aplt.App. at 13 and 18.

The Trustee also asserts the Debtor did not raise this statute in her oral argument before the bankruptcy court. Appellee's Brief at p. 10. We cannot verify whether § 1.A.19 was argued before the bankruptcy court because the Debtor has not provided us with a copy of the transcript of hearing before the bankruptcy court. Otherwise, the record supports the Trustee's waiver argument, and the Debtor has not responded to this argument by filing a reply brief. Since § 1.A.19 was not, based on the record before us, dealt with below and the Debtor has not replied to the Trustee's waiver argument before this Court, we will not pass upon it on appeal. *See Valley Improvement Ass'n v. United States Fidelity & Guar. Corp.,* 129 F.3d 1108, 1119 (10th Cir.1997)

(when a party fails to show that an issue was raised below, we need not consider it); *Sac & Fox Nation v. Hanson,* 47 F.3d 1061, 1063 (10th Cir.1995) (issue raised for the first time on appeal will not be reviewed "except for the most manifest error" (internal quotation marks omitted)), *cert. denied,* 516 U.S. 810, 116 S.Ct. 57, 133 L.Ed.2d 21 (1995); *Arkla Energy Resources v. Roye Realty & Developing, Inc.,* 9 F.3d 855, 865 (10th Cir.1993) (any discrepancies in the record are resolved in the opposing party's favor); *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.),* 997 F.2d 1321, 1323 (10th Cir.1993) (counsel bears the responsibility to ensure the record on appeal is complete).

2. The Debtor is not entitled to an automatic exemption under this provision, but rather must prove, after issuance of execution, attachment, or garnishment, that her "earnings from personal services necessary for the maintenance of a family" should be exempt by reason of "undue hardship." The term "undue hardship" is defined in Okla. Stat. tit. 31, § 1.1.B. Because the bankruptcy court found that the funds received by the Debtor as a result of the earned income credit were not exempt under § 1.1.A, no finding was made regarding undue hardship.

exempt under § 1.1.A, we must decide whether such funds are "earnings from personal services." The resolution of this issue turns on an analysis of both the nature of earned income credits and of earnings under § 1.1.A. Both are discussed below.

*The Nature of Earned Income Credits*

Under 26 U.S.C. § 32, an "eligible individual" shall be allowed a credit against his or her income taxes equal to the credit percentage of so much of the individual's "earned income for the taxable year as does not exceed the earned income amount." 26 U.S.C. § 32(a); *see id.* at § 32(c) (defining "eligible individual" and "earned income"). This credit is generally known as an "earned income credit." Title 26, the Tax Code, does not state that earned income credits are "earnings," and does not provide guidance as to whether such credits are "earnings." But the Supreme Court's discussion of earned income credits in *Sorenson v. Secretary of the Treasury,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), aids in determining the nature of the credits.

In *Sorenson,* the Court determined that payments involving earned income credits were, similar to tax refunds, subject to "intercept" if the person failed to meet their child support obligations under 26 U.S.C. § 6402(c). *Id.* at 859–61, 106 S.Ct. 1600. The purpose of an earned income credit was described as follows:

> The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

*Id.* at 864, 106 S.Ct. 1600. The Court, in discussing the lower court's decision which it affirmed, stated that the legislative history to the predecessor to 26 U.S.C. § 32 suggested that earned income credits were not "intended primarily as a type of welfare grant;

rather, ... [s]ince the earned-income credit was payable as a lump sum, it was more like excess withholding ... than it was like wages...." *Id.* at 858, 106 S.Ct. 1600 (citing *Sorenson v. Secretary of the Treasury,* 752 F.2d 1433, 1443 n. 1 (9th Cir.1985)). Earned income credits are different from other credits, and are treated as an overpayment of tax. *Id.* at 854 & n. 3 and 859, 106 S.Ct. 1600 (quoting 26 U.S.C. § 6401(b)). In particular, the Court stated:

> Unlike certain other credits, which can be used only to off-set tax that would otherwise be owed, the earned-income credit is "refundable." Thus, if an individual's earned-income credit exceeds his tax liability, the excess amount is "considered an overpayment" of tax under [26 U.S.C.] section 6401(b), .... [and 26 U.S.C. § ] 6402(a) directs the secretary to credit or refund "any overpayment" to the person who made it. An individual who is entitled to an earned-income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount.
>
> .    .    .    .    .
>
> ... An individual can receive the amount by which his entitlement to an earned-income credit exceeds his tax liability only because § 6401(b) of the [Tax] Code defines that amount as an "overpayment," and § 6402 provides a mechanism for disbursing overpayments, namely, the income tax refund process. The refundability of the earned-income credit is thus inseparable from its classification as an overpayment of tax. Petitioner therefore acknowledges that the excess earned-income credit is an "overpayment" for purposes of § 6402(a), the general provision that authorizes all tax refunds.

*Id.* at 854–55 & 859, 106 S.Ct. 1600 (footnote omitted); *accord In re Montgomery,* 219 B.R. 913 (10th Cir. BAP 1998) (an earned income credit is classified as an overpayment or tax refund); *but see In re Barnett,* 214 B.R. 632 (Bankr.W.D.Okla.1997) (an earned income credit is not a refund).[3]

---

**3.** In *Barnett,* the bankruptcy court allowed the debtor's claimed exemption of funds received

from an earned income credit under § 1.1.A, stating:

It is well-established that tax overpayments are not considered "earnings." Specifically, in *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the Supreme Court addressed whether income tax refunds are "property" under the former Bankruptcy Act, and, if so, whether they were exempt as "earnings" under the Consumer Credit Protection Act (CCPA). The Court concluded that refunds are "property" under the Bankruptcy Act. It went on to approve the Second Circuit's holding that "earnings" under the CCPA[4] "did not include a tax refund, but were limited to 'periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation.'" *Id* at 651, 94 S.Ct. 2431 (alteration in original) quoting *In re Kokoszka,* 479 F.2d 990, 997 (2d Cir.1973). The Court reasoned that the CCPA did not define tax refunds as "earnings," and the purpose of the CCPA and the Bankruptcy Act did not indicate that the refunds should be exempt. Of particular relevance is the following statement made by the Court as it approved the Second Circuit's ruling:

> [S]ince a "tax refund is not the weekly or other periodic income required by a wage earner for his basic support, to deprive him of it will not hinder his ability to make a fresh start unhampered by the pressure of preexisting debt".... "Just because some property interest had its source in wages ... does not give it special protection, for to do so would exempt from the bankrupt estate most of the property owned by many bankrupts, such as savings

accounts and automobiles which had their origin in wages."

*Id.* at 648, 94 S.Ct. 2431 (quoting *Kokoszka,* 479 F.2d at 995). *Kokoszka* has been held by the Tenth Circuit to be viable under the Bankruptcy Code. *In re Barowsky,* 946 F.2d 1516 (10th Cir.1991) (relying on *Kokoszka,* the court held that tax refunds are property of the estate).

Tax refunds have been excluded from the "earnings from personal services" exemption set forth in Okla. Stat. tit. 31, § 1.1.A. In *In re Linn,* 52 B.R. 63, 64 (Bankr.W.D.Okla. 1985), the court held that income tax refunds were not "earnings" under § 1.1.A, because at the point of withholding the essence of the monies withheld changes from wages to a tax. *See Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630 (8th Cir.1991) (relying on *Kokoszka* and *Linn,* the court held that a tax refund was not "earnings" under a Missouri exemption statute).

Based upon the above analysis, we hold that funds received as a result of earned income credits are not "earnings from personal services" under Okla. Stat. tit. 31, § 1.1.A. Income tax refunds are not treated as earnings, and thus an earned income credit, which has been held by the Supreme Court and this Court to be a tax overpayment, likewise should not be dealt with as "earnings" that are exempt under § 1.1.A. *Sorenson,* 475 U.S. at 854–60, 106 S.Ct. 1600; *Montgomery,* 219 B.R. at 913.

The Debtor cites 42 U.S.C. § 1382a for the proposition that earned income credits are treated as "income" under the provisions of the Social Security Act. While § 1382a did

---

Only certain families with dependent children whose earned family income is less than $11,610 per year are entitled to receive earned income credit payments. Congress designed this program "to provide relief to low income families who pay little or no income tax, and it was intended to provide an incentive to work rather than to receive federal assistance." It therefore appears that a person must work and earn *some* income in order to receive earned income credit benefits. And while distribution of the earned income credit is effectuated via federal income tax returns, the credit does not constitute a refund because there is no requirement that federal income taxes be paid in order to receive the earned income credit. In light of the foregoing, the Court is of the opinion the earned income credit supplements the

wages earned and is in the nature of earnings from personal services.
214 B.R. at 634 (citations omitted). This reasoning is at odds with the Supreme Court's holding in *Sorenson.* A similar argument was advanced by the Tenth Circuit in *Rucker v. Secretary of Treasury,* 751 F.2d 351, 356 (10th Cir.1984), which the Court expressly refused to adopt. *Sorenson,* 475 U.S. at 863, 106 S.Ct. 1600 (quoting *Rucker* and rejecting it).

4. The CCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a).

so provide at one time, in 1994 this section was amended and all references to earned income credits as "income" for purposes of the Social Security Act were deleted. Thus, any relevance that this section had to the discussion herein no longer exists.

### The Nature of "Earnings From Personal Services"

The phrase "earnings from personal services" found in § 1.1.A. is not defined in the Oklahoma Statutes,[5] and the Oklahoma courts have discussed this statute in only one case. *See Linn,* 52 B.R. at 64 (recognizing that "earnings" is not defined in the Oklahoma Statutes). In *Muskogee Reg'l Med. Auth. v. Perkins,* 888 P.2d 1033 (Okla.App. 1994), the issue of what constitutes "earnings" for purposes of § 1.1.A. was not before the court because the debtor's wages subject to garnishment were clearly within the meaning of the statute. However, in a general discussion of § 1.1.A, the court stated:

> The § 1.1 exemption pertains to "earnings from personal services necessary for the maintenance of a family supported wholly or partially by the labor of the debtor." It has been the rule in this jurisdiction from its earliest days that exemption statutes, being remedial, will be liberally construed, and the debtor will generally be given the benefit of the doubt. The purpose of exemption statutes is to protect the earner's family from "privation and want."

*Id.* at 1035 (citations omitted). This case suggests that the Oklahoma courts may lean toward including funds received as a result of earned income credits within the definition of "earnings from personal services" set forth in § 1.1.A.

However, in *Sorenson,* the Supreme Court dealt with similar policy arguments in analyzing decisions of the Second and Tenth Circuits that advocated a narrow reading of intercept laws to avoid frustrating the goals of the earned income credit program. *Sorenson,* 475 U.S. at 864, 106 S.Ct. 1600. The Supreme Court dispatched the policy argument with the statement that "[t]he ordering of competing social policies is a quintessentially legislative function[,]" and declined to speculate what Congress intended unless the statute provided clear guidance. *Id.* at 865, 106 S.Ct. 1600. Likewise here, the Oklahoma legislature could have drafted its exemption statute to clearly cover earned income credits, but it did not. Title 31 of the Oklahoma Statutes contains a comprehensive list of exempt property, and it does not include a specific exemption for earned income credits or tax refunds. *See* Okla. Stat. tit. 31, §§ 1.A. & 1.1.A; *Barnett,* 214 B.R. at 634 n. 3 (recognizing this point). Rather than contriving a tortured interpretation of the nature of earned income credits to force them into a definition of "earnings," we leave such action where it belongs—with the Oklahoma legislature.

### CONCLUSION

For the reasons set forth above, the bankruptcy court's Order is AFFIRMED.

**5.** Other courts have dealt with the issue of whether earned income credits are exempt property, but under statutes that based the exemption on factors other than whether the earned income credit constituted earnings. *See, e.g., In re Fraire,* 1997 WL 45465 (D.Kan.1997) (earned income credit was not exempt under § 522(d)(10)(D) as "support"); *In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998) (earned income credit was exempt under Illinois law as a public assistance benefit); *In re Brockhouse,* 220 B.R. 623 (Bankr.C.D.Ill.1998) (same); *In re Richardson,* 216 B.R. 206 (Bankr.S.D.Ohio 1997) (earned income credit was not exempt under Ohio law); *In re Goertz,* 202 B.R. 614 (Bankr. W.D.Mo.1996) (earned income credit was not exempt under § 522(d)(10)(A) as a local public assistance benefit); *In re Beagle,* 200 B.R. 595 (Bankr.N.D.Ohio 1996) (earned income credit was not exempt under Ohio law as a disability assistance payment or as aid to dependent children payment); *In re George,* 199 B.R. 60 (Bankr.N.D.Okla.1996) (earned income credit was exempt under Oklahoma law as "support"), *rev'd,* DN 97–CV–40–K (N.D. Okla. filed Aug. 8, 1997); *In re Brown,* 186 B.R. 224 (Bankr. W.D.Ky.1995) (earned income credit was exempt under Kentucky law as a public assistance benefit); *In re Goldsberry,* 142 B.R. 158 (Bankr. E.D.Ky.1992) (same); *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991) (earned income credit was exempt under Iowa law as a public assistance benefit); *In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989) (earned income credit was under Idaho law as a public assistance benefit).