2002 OK CIV APP 10

### HILLCREST MEDICAL CENTER, Plaintiff/Appellee,

v.

### Nadine M. MONROY, Defendant/Appellant.

No. 95,633.

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 27, 2001.

As Corrected Dec. 4, 2001.

Susan E. Lentz, Works & Lentz, Tulsa, OK, for Plaintiff/Appellee.

Laura Emily Frossard, John P. Kerr, Jr., Legal Services of Eastern Oklahoma, Inc., Tulsa, OK, for Defendant/Appellant.

KEITH RAPP, Judge:

¶ 1 The trial court defendant, Nadine M. Monroy (Monroy), appeals a decision which refused to retroactively refund to her the wages garnished by the trial court plaintiff, Hillcrest Medical Center (Hillcrest).

## BACKGROUND

¶ 2 The essential facts are not disputed. Hillcrest holds a money judgment against Monroy which it obtained by default on May 16, 2000. On June 19, 2000, Hillcrest issued a one-time garnishment of Monroy's wages. Monroy filed a claim for exemption but failed to appear for the hearing on the claim. Consequently, the court denied the claim.

¶ 3 Thereafter, Hillcrest issued a continuing wage garnishment on July 13, 2000. Between July 13, 2000 and November 13, 2000, sundry amounts were withheld from Monroy's wages pursuant to the garnishment and paid to Hillcrest.

¶ 4 On October 31, 2000, Monroy filed a motion to exempt wages from garnishment on the ground of hardship. At the hearing on this motion, Monroy also requested a refund of all sums garnished under the continuing garnishment.

¶ 5 The trial court found that Monroy was presently, and for the future, entitled to an exemption of wages from garnishment on hardship grounds. The garnishment was stayed; however, the court denied, in part, Monroy's request for a refund. The court did direct a refund of the wages taken by garnishment from October 30, 2000, through the date of the hearing.

¶ 6 Monroy now appeals the court's decision which denied the full refund. The remaining aspects of the trial court's decision were not appealed by either party.

## STANDARD OF REVIEW

¶ 7 Where the facts are not disputed an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV

APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 8 The issue before this Court is: What relief may a trial court grant to a judgment debtor in the case of a continuing garnishment of wages to satisfy a money judgment, that does not involve child support, when that judgment debtor claims and establishes an exemption of wages from garnishment based upon hardship?

¶ 9 The original wage garnishment statute provided for a one-at-a-time method of garnishment. R.L.1910, § 4822–4841. Now, the provision for a single wage garnishment for other than child support is *12 O.S. Supp. 2000, § 1173.* This scheme persisted until 1989, when the Legislature amended the garnishment statutes to provide for additional types of garnishment. 1989 Okla. Sess. Laws, c. 236, § 1(B); now, *12 O.S. Supp. 2000, § 1171* (B). Today, the garnishment statute provides for garnishment in child support matters, general garnishment, non-continuing earnings garnishment, and continuing earnings garnishment. *12 O.S. Supp. 2000, § 1171* (B). Here, the review is concerned with only earnings garnishments.

¶ 10 However, not all earnings may be reached by garnishment. The Homestead and Exemption statute exempts a percentage of earnings. *31 O.S. Supp.2000, § 1.* At one time the statutes provided an additional earnings exemption based upon hardship. After execution was issued, if it appeared that a third person held property belonging to the judgment debtor, a hearing could be conducted and an order issued by the trial court commanding that such property be applied to the judgment. However, in cases of hardship, earnings within the three months next preceding the order, would be exempt from this directive. *12 O.S.1961, § 851.*

¶ 11 Section 851 was deemed an additional exemption. The purpose of the exemption was to protect the debtor's family from privation and to supply to them the minimum requirements from a decent and wholesome livelihood. *Smith v. Britton,* 1939 OK 204, ¶ 8, 89 P.2d 953, 955; *Barteldes Seed Co. v. Gunn,* 1916 OK 876, 159 P. 502, 502–03.

¶ 12 The Legislature repealed Section 851 in 1965, but retained its essential provisions as part of the Homestead and Exemption Code as *31 O.S. Supp.1965, § 1.1.* 1965 Okla. Sess. Laws, c. 301, eff. June 24, 1965. A judgment debtor could exempt, on family hardship grounds, his earnings for his personal services rendered at any time during the ninety days next preceding the issuing of such process. *31 O.S. Supp.1965, § 1.1.*

¶ 13 In 1983, the garnishment statute and Section 1.1 were amended. The amendment removed the ninety day exemption and in its place made provision for the judgment debtor to request a hearing to exempt from the process "that portion of his earnings from personal services necessary for the maintenance of a family supported wholly or ·partially by the labor of the debtor." The amendment set forth criteria to guide the determination of whether hardship existed. These criteria were expressed in terms of standard of living and minimal subsistence level of living. Upon finding that a hardship existed, the statute provided that the trial court "may order all or a portion of the personal wages exempt." 1983 Okla. Sess. Laws, c. 50, § 6, eff. April 26, 1983; *31 O.S. Supp.1983, § 1.1.*

¶ 14 The amendment provided that the garnishment statute procedures applied to the hearing on the exemption request. These procedures were contained in *12 O.S. Supp.1983, §§ 1172.2,* 1174(D). An application for exemption had to be filed within ten days from the answer date of the garnishee. *12 O.S. Supp.1983, § 1172.2* (A).

¶ 15 Then, as stated before, in 1989 the Legislature enacted the different types of garnishment. The continuing garnishment

remains as a single instance of garnishment. However, "now unlike the general garnishment statutes which contemplate a single summons and answer, the continuing garnishment statute requires multiple responses. Second, the statute specifically outlines the five contingencies which end the garnishment lien, *12 O.S.1991, § 1173.4* (G)." *Norwest Colorado, Inc. v. Partridge Capitol Corp.*, 1995 OK CIV APP 19, ¶¶ 8 and 9, 891 P.2d 624, 627.

¶ 16 With the adoption of a "continuing earnings garnishment" an apparent need arose to revise the hardship exemption statute and the procedure to present the exemption. The criteria for exemption remained, but the provisions of Section 1.1 of Title 31 were amended to provide that upon finding of hardship the court may:

1. Order all or a portion of the personal wages exempt; or

2. In the case of a continuing wage garnishment pursuant to Section 1173.4 of Title 12 of the Oklahoma Statutes, modify or stay the garnishment.

1990 Okla. Sess. Laws, c. 248, § 9, eff. May 21, 1990.

¶ 17 This amendment to Section 1.1 left intact the provision that a judgment debtor may file an application for an exemption hearing with the proceeding to be conducted as provided in *12 O.S. Supp.1990, §§ 1172.2* and 1174(D). Under the procedure, a judgment debtor would be served a copy of the exemption form and request for hearing. Implicitly under Section 1172.2, the judgment debtor had ten days from the answer date of the garnishee to apply for exemption because that Section authorized payment of the funds to the judgment creditor after ten days if no exemption application was filed. Section

1174(D) provided the mechanism for service of the application for exemption.[1]

¶ 18 With the 1995 amendment to Section 1172.2, potential confusion over whether a five-day rule or a ten-day rule or some other rule applied, with their corresponding beginning points and filing procedures. Then, the question became: What is the legal consequence of the specific omission, from Section 1.1 of Title 31, of the timing to apply for exemption established in Section 1174(C)?

¶ 19 Here, Hillcrest would have this Court fashion a cutoff date, whereas Monroy maintains that the claim for exemption may be filed at any time but must be by motion rather than the statutory form if filed after five days from the receipt of the notice that exemptions may be claimed. Thus, Hillcrest here argues that regardless of whether a court may modify a continuing earnings garnishment, a late filing operates as a time bar to retroactive modification.

■ ¶ 20 First, this Court holds that Section 1174(C) does apply in cases of post-judgment continuing wage garnishments. Thus, under Section 1174(C), the judgment debtor may use either (1) the five-day period, provided in Section 1174(C), from receipt of the statutory notice form in which to request a hearing on exemption, including the hardship exemption under *31 O.S. Supp.2000, § 1.1*, or, (2) the judgment debtor may seek, at a later date, exemption by motion, also recorded in Section 1174(C), at any time after the initial five-day period and until the continuing garnishment terminates under Section 1173.4(G).[2]

¶ 21 It appears that this five-day procedure presents a one-time opportunity because the statute does not impose a continuous duty on the judgment creditor or the

1. It must be noted that Section 1174(C) of Title 12 has language applicable to all post judgment garnishments and provides that the claim for exemption *form* must be filed within five days from the receipt of the form notice that the claim for exemptions may be presented. Section 1174(C) further provided that any exemption claim filed after such five day period must be by motion. Thus, given the multiple response aspects of the continuing garnishment, Section 1172.2 implied that a judgment debtor in cases of continuing earnings garnishment could apply within ten days of each response date. In 1995,

Section 1172.2 was amended to remove the provision pertaining to an application for exemption filed within ten days of the answer date of the garnishee. 1995 Okla. Sess. Laws, c. 338, § 3, eff. Nov. 1, 1995.

2. After the continuing garnishment terminates there is no proceeding in which to file a request for exemption. Moreover, the lien established by the continuing garnishment expires. *12 O.S. Supp.2000, § 1173.4* (G).

garnishee to notify the judgment debtor of the right to claim exemptions during the course of the continuing garnishment. *12 O.S. Supp.2000, §§ 1173.4* (D), 1173.4(F)(5), 1174(C).

¶ 22 This holding comports with the general rules of statutory construction. Statutes dealing with the same subject matter, here exemptions from garnishment, must be construed together as a harmonious whole so as to give effect to each. *Clifton v. Clifton*, 1990 OK 88, 801 P.2d 693. This case does not present a situation of a special statute in conflict with a general statute because Section 1.1 of Title 31 is silent on the issue of timing, whereas Section 1174(C) of Title 12 speaks to "all cases of postjudgment garnishment." A special statute must clearly include the matter in issue, here the timing of the filing of the exemption request. *Tulsa County Deputy Sheriff's Fraternal Order of Police, Lodge No. 188 v. Board of County Commissioners of Tulsa County*, 1998 OK 44, ¶ 13, 959 P.2d 979, 981. The scope of coverage of Section 1174(C) is expressed in plain language and thus leaves no room for interpretation. *Cable Vision of Muskogee v. Tracy*, 1994 OK CIV APP 57, ¶ 10, 876 P.2d 743, 747.[3] The presumptions are that the words "all cases of postjudgment garnishment" have a purpose and will be given effect to accomplish such purpose. *Loffland Bros. Equipment v. White*, 1984 OK 69, ¶ 7, 689 P.2d 311, 314.

¶ 23 Second, this Court holds that the trial court, upon hearing a statutory form application for exemption or motion for exemption, may modify or stay the garnishment. *31 O.S. Supp.2000, § 1.1.* It is entirely foreseeable that a question of the scope of modification, especially retroactive refunds, will arise, as here, in cases where the proceedings are by motion. In that regard the garnishment proceedings are equitable in nature. *Willhite v. Willhite*, 1976 OK 17, ¶ 13, 546 P.2d 612, 615. The proceedings are designed to carry out the legislative policy that a family should not be deprived of earnings when the result is the undue hard-

ship contemplated by the exemption statute, *31 O.S. Supp.2000, § 1.1.* Moreover, the "exemption statutes, being remedial, will be liberally construed, and the debtor will generally be given the benefit of the doubt." *Muskogee Regional Medical Authority v. Perkins*, 1994 OK CIV APP 154, ¶ 8, 888 P.2d 1033, 1035.

¶ 24 As an equitable matter, and given that the judgment debtor has the burden of proof, the trial court must examine the total circumstances when deciding whether relief should be given. The initial inquiry seeks to determine whether hardship exists and the statute provides criteria for that judgment. However, in cases where the judgment debtor has delayed making a request for exemption, the inquiry should also determine when the hardship accrued, and the judgment debtor has the burden to make that showing. In this regard, the statute imposes a garnishment lien only upon the judgment debtor's property "due at the time of service or the effective date of the summons, *to the extent that the property is not exempt from garnishment.*" *12 O.S. Supp. 2000, § 1173.4* (G) (emphasis added). Thus, if the property was exempt due to hardship from the outset then the garnishment lien never attaches and a refund would be appropriate, as well as in accord with the policy underlying the hardship exemption.

¶ 25 Here, based upon the agreed narrative, it appears that the trial court was concerned about its authority to order a retroactive refund and eventually ruled that no authority existed. However, as shown above the trial court's conclusion was erroneous.

¶ 26 The agreed narrative shows that Monroy presented facts consistent with a hardship since the inception of the continuing garnishment. On the other hand, Monroy's presentation concentrated upon an inability to pay her electric utility bill so that it accrued a substantial arrearage. The agreed narrative stated only that Monroy was "behind" in her electric bill, but does not advise whether electricity has been cut off or whether alternative arrangements could be made to pay that bill. Although electricity is cer-

---

**3.** The Legislature subsequently changed the language interpreted in *Cable Vision. Arrow Tool &*

*Gauge v. Mead,* 2000 OK 86, 16 P.3d 1120.

tainly an element of a minimal level of subsistence, the issue is whether the lack of funds sought to be exempt "would be an undue hardship by creating a less than minimal level of subsistence." *31 O.S. Supp.2000, § 1.1* (B).

¶ 27 The trial court did not make any finding regarding whether such hardship existed from the beginning. The trial court determined that a hardship presently exists and that decision is final. The appellate court does not make the first instance finding of fact as that is the function of the trial court. *Davis v. Gwaltney,* 1955 OK 362, ¶ 13, 291 P.2d 820, 824.

¶ 28 Therefore, the decision of the trial court which denied refund of garnished earnings is reversed and the cause is remanded to the trial court to determine, first, whether a hardship resulting in exemption existed at any time since the inception of the continuing garnishment and, second, the time such hardship accrued. If the trial court finds that a hardship resulting in exemption did exist at some prior time, then from and after that time, the garnishment lien does not attach and the trial court shall order a refund of any such exempt earnings taken by garnishment.

¶ 29 REVERSED AND REMANDED WITH INSTRUCTIONS.

¶ 30 STUBBLEFIELD, P.J., and REIF, V.C.J. (sitting by designation) concur.