2009 OK CIV APP 31

**ULTRA THIN, INC., an Oklahoma corporation, Plaintiff/Appellee,**

v.

**Kevin B. LANE, an individual, Defendant,**

**Ronnie M. Alexander, Defendant/Appellant.**

No. 105,044.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 6, 2009.

Robert N. Sheets, Phillips McFall McCaffrey McVay & Murrah, P.C., Oklahoma City, OK, for Appellant.

Michael A. Rubenstein, Rubenstein Bryan McCormick & Pitts, P.L.L.C., Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellee Ronnie M. Alexander (Debtor) seeks review of the trial court's order denying his objection to garnishment by Plaintiff/Appellee Ultra Thin, Inc., an Oklahoma corporation (Creditor). In this appeal, Debtor asserts the garnished funds were exempt from execution, and error of the trial court in holding otherwise.

¶ 2 Creditor obtained judgment against Debtor.[1] On March 22, 2007, a Post–Judgment Garnishment Summons issued to Debtor's bank, where Debtor maintained

---

1. By unpublished opinion, the Court of Civil Appeals affirmed judgment to Creditor. *Ultra Thin, Inc. v. Alexander,* No. 103,913 (Ok.Civ.App.Div. IV, February 6, 2007).

two accounts. By One–Time Garnishee's Answer/Affidavit dated April 6, 2007, Debtor's bank attested to possession of $9,311.90 belonging to Debtor, and to mailing of a copy of the Notice of Garnishment & Exemptions and Application for Hearing by first-class mail to Debtor. Debtor's bank subsequently tendered a cashier's check for $9,311.90 to Creditor.

¶ 3 On April 25, 2007—apparently after the garnishee bank's payment to Creditor—Debtor filed his Motion to Object to Garnishment and Claim for Exemption. Debtor first alleged he "did not receive from the garnishee the notice of garnishment and claims for exemptions pursuant to 12 Okla. Stat. § 1172.2(A)." Debtor further alleged:

> In conversations with [garnishee bank] personnel, [he] became aware that the garnishment existed and he was informed by personnel of [garnishee bank] that approximately $400.00 in his personal checking account would be subject to garnishment, however, [he] was informed by officers of [garnishee bank] that the approximately $8,911.90 which was held in the joint account with [his] minor grandson ... would not be subject to garnishment since it was understood that the funds in that account belonged to [his minor grandson] and that the account contained only the Social Security checks payable to [his minor grandson] and contained no funds belonging to [him].

So, said Debtor, because he held those funds in a separate account as his grandson's representative under 42 U.S.C. § 1383,[2] and because his grandson's payments of social security benefits were exempt from garnishment under 42 U.S.C. § 407(a),[3] the trial court should direct Creditor to refund the exempt funds to him.

¶ 4 Creditor responded. Creditor asserted that Debtor failed to timely object to garnishment, that the account in which Debtor kept his grandson's payments of social security bore no endorsement designating the funds as grandson's separate property exempt from execution, and that Debtor had no standing to assert his grandson's social security exemption in these garnishment proceedings.

¶ 5 By Summary Order, and in stated reliance on *Hillcrest Medical Center v. Monroy,* 2002 OK CIV APP 10, 38 P.3d 931, the trial court denied Debtor's objection to garnishment as untimely after Debtor had actual notice of the garnishment and after the ten (10) day period for objection to garnishment had expired. Debtor appeals, again asserting lack of statutory notice of the garnishment and exemption of his grandson's social security funds from execution.

### STANDARD OF REVIEW

■ ¶ 6 When faced with an objection to garnishment, "[t]he court shall render such judgment in all cases as shall be just to all of the parties and shall properly protect their respective interests." 12 O.S. § 1182. Ordinarily, "[i]n a garnishment proceeding, there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of the evidence." *Spears v. Preble,* 1983 OK 8, ¶ 21, 661 P.2d 1337, 1342. (Footnote omitted).

■ ¶ 7 However, "[a] garnishment proceeding may [also] be decided by summary process resulting in a post-judgment order where it appears there is no dispute as to any identified material fact or inference to be drawn therefrom and all material facts are stipulated or otherwise established." *O'Neill v. Long,* 2002 OK 63, ¶ 9, 54 P.3d 109, 111. "These legal rulings are reviewable *de novo,* independent of and without deference to the trial court." *Id.* (Emphasis original.) So, as in summary disposition cases generally, we will affirm only if we determine that "there is no dispute as to any material fact and that

---

2. This section permits payment of Social Security benefits to an individual's representative, appointed by the Commissioner of Social Security, under certain conditions.

3. "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

the moving party is entitled to judgment as a matter of law." *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 11, 160 P.3d 959, 963.

## GARNISHMENT

¶ 8 In all cases of postjudgment garnishment, the judgment debtor must be notified of his right to claim exemptions, and a claim to an exemption may be asserted by motion. 12 O.S. § 1174(C). See also, 12 O.S. § 1172.2(A). "[U]nless the garnishee summons is properly served upon the defendant, or he enters a general appearance, the proceeding is a nullity." *La Bellman v. Gleason & Sanders, Inc.*, 1966 OK 183, ¶ 22, 418 P.2d 949, 955; *Service Printing Co. v. Wallace*, 1937 OK 54, ¶ 0(1), 64 P.2d 863. However, where the defendant/judgment debtor enters an appearance and asserts an exemption from garnishment, the judgment debtor submits to the jurisdiction of the court and waives any objection for failure of statutory notice. *O'Dell v. Nelson & Myers*, 1938 OK 291, ¶ 0(1), 79 P.2d 212.

¶ 9 In *Hillcrest*, the judgment creditor "issued a one-time garnishment of [the judgment debtor's] wages," the judgment debtor "filed a claim for exemption but failed to appear for the hearing on the claim," and the trial "court denied the claim." 2002 OK CIV APP 10, ¶ 2, 38 P.3d at 933. The judgment creditor obtained a continuing wage garnishment, and, for months, "sundry amounts were withheld from [the judgment debtor's] wages." *Hillcrest*, 2002 OK CIV APP 10, ¶¶ 3, 4, 38 P.3d at 933. The judgment debtor then "filed a motion to exempt wages from garnishment on the ground of hardship," and "requested a refund of all sums [previously] garnished under the continuing garnishment." *Id.* The trial court granted the judgment debtor a hardship exemption "for the future," but granted only a partial refund of the sums previously paid under the continuing garnishment. *Hillcrest*, 2002 OK CIV APP 10, ¶¶ 5, 6, 38 P.3d at 933.

¶ 10 On the judgment debtor's subsequent appeal, the Court of Civil Appeals, Division IV, first held "the judgment debtor may use either (1) the five-day period, provided in Section 1174(C), from receipt of the statutory notice form in which to request a hearing on exemption, . . ., or, (2) the judgment debtor may seek, at a later date, exemption by motion, also recorded in Section 1174(C), at any time after the initial five-day period," and that the five-day period of § 1174(C) "presents a one-time opportunity" to avoid garnishment *ab initio*. *Hillcrest*, 2002 OK CIV APP 10, ¶¶ 20, 21, 38 P.3d at 935–936. The Court of Civil Appeals secondly held that, in ruling on an exemption claim, the trial court might modify or stay a garnishment because "[i]t is entirely foreseeable that a question of the scope of modification, especially [as to] retroactive refunds, will arise, as here, in cases where the proceedings are by motion." *Hillcrest*, 2002 OK CIV APP 10, ¶ 23, 38 P.3d at 936.

¶ 11 So, said Division IV, "in cases where the judgment debtor has delayed making a request for exemption," *i.e.*, by motion, the trial court must determine *when* the hardship accrued because:

> [T]he statute [12 O.S. Supp.2000, § 1173.4(G)] imposes a garnishment lien only upon the judgment debtor's property "due at the time of service or the effective date of the summons, *to the extent that the property is not exempt from garnishment.*" [I]f the property was exempt due to hardship from the outset then the garnishment lien never attaches and a refund would be appropriate, as well as in accord with the policy underlying the hardship exemption.

*Hillcrest*, 2002 OK CIV APP 10, ¶ 24, 38 P.3d at 936. (Emphasis original.) The Court consequently reversed "the decision of the trial court which denied refund of garnished earnings," and remanded "to the trial court to determine, first, whether a hardship resulting in exemption existed at any time since the inception of the continuing garnishment and, second, the time such hardship accrued." *Hillcrest*, 2002 OK CIV APP 10, ¶ 28, 38 P.3d at 936. "If the trial court finds that a hardship resulting in exemption did exist at some prior time, then from and after that time, the garnishment lien does not attach and the trial court shall order a refund of any such exempt earnings taken by garnishment." *Id.*

¶ 12 As the Court of Civil Appeals noted in *Hillcrest*, § 1174(C) clearly permits the judgment debtor to assert an exemption from garnishment by motion more than five days after receipt of garnishment notice. 2002 OK CIV APP 10, ¶ 20, 38 P.3d at 935. Accepting as true Debtor's allegation of garnishee's failure to mail or deliver notice of the garnishment and right to exemptions to him as required by § 1174(C), Debtor nevertheless asserted an exemption to garnishment by motion, and, in so doing, he submitted to the jurisdiction of the trial court and waived any objection to the failure of statutory notice.

¶ 13 Further, in the present case, it appears the trial court denied Debtor's claim to an exemption as untimely asserted after he possessed actual notice of the garnishment. However, because an exemption from garnishment may be advanced by motion more than five days after receipt of garnishment notice, the timing of Debtor's assertion of an exemption is not dispositive of the merits of the exemption claim. To the extent the trial court held otherwise, we hold the trial court erred.

¶ 14 Moreover, as the Court of Civil Appeals also noted in *Hillcrest*, in ruling on an exemption claim raised by motion, the trial court may modify the garnishment and grant the judgment debtor a refund of previously garnished funds if the funds were exempt from garnishment *ab initio*. *Hillcrest*, 2002 OK CIV APP 10, ¶ 24, 38 P.3d at 936. However, the answers to the questions of whether an exemption exists, and, if so, when the exemption accrued, clearly depend on the facts and circumstances of each case, and cannot be determined without an evidentiary hearing. *Hillcrest*, 2002 OK CIV APP 10, ¶¶ 24, 28, 38 P.3d at 936.

¶ 15 In the present case, Debtor objected to garnishment and claimed an exemption by motion. To his motion, Debtor attached evidentiary materials that showed the creation of a "Young Savers" savings account in joint tenancy with his minor grandson, a "student," at the garnishee bank, requiring 2 signatures for withdrawal. Debtor also attached bank statements showing "SOC SEC U.S. TREASURY" as the source of *all* deposits to that account. On this evidence, one might reasonably conclude that, of the $9,311.90 tendered to Creditor by Debtor's garnishee bank, $8,911.90 from the joint account of Debtor and his minor grandson constituted grandson's social security benefits, paid to Debtor as representative of his minor grandson under 42 U.S.C. § 1383, and exempt from garnishment under 42 U.S.C. § 407.

¶ 16 Section 407 "imposes a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 417, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). Indeed, even if commingled with non-exempt funds, traceable social security benefits are exempt from execution. *See, e.g., S & S Diversified Services, L.L.C. v. Taylor*, 897 F.Supp. 549, 552 (D.Wyo.1995); *NCNB Financial Services, Inc., v. Shumate*, 829 F.Supp. 178, 181 (W.D.Va.1993), aff'd., 45 F.3d 427 (4th Cir.1994). A creditor who has levied against exempt social security benefits is bound to restore the benefits to the social security recipient. *Vanscoy v. Neal*, 174 W.Va. 53, 322 S.E.2d 37, 42 (1984); *Demp v. Emerson Enterprises*, 504 F.Supp. 281, 284 (D.C.Pa.1980).

¶ 17 In this respect, Creditor asserts that Debtor lacked standing to assert his grandson's social security exemption in these garnishment proceedings. However, even assuming, without deciding, that the right to claim an exemption under § 407 may be personal to the social security recipient, it is absolutely elemental that, "[i]n a garnishment proceeding the judgment creditor stands in the shoes of the judgment debtor to enforce a liability owed to the latter by a third party—the garnishee." *Culie v. Arnett*, 1988 OK 134, ¶ 5, 765 P.2d 1203, 1205. That is, the judgment creditor "may claim no greater rights against the garnishee than the [judgment debtor] himself possesses." *Id.*

¶ 18 In the present case, Debtor consistently denied that he possessed any interest in the funds of the joint account other than as his grandson's representative to receive the payments of his grandson's social security benefits. If true, the garnishee bank was thus indebted to Debtor only as his grandson's representative, Creditor could claim no greater right to those funds other than as

representative of Debtor's grandson, and Creditor should be required to restore to Debtor's grandson his exempt social security benefits.

¶ 19 As we have previously observed, however, the trial court summarily disposed of Debtor's Motion objecting to garnishment and claiming an exemption as untimely asserted. In this, we hold the trial court erred. First, and consonant with *Hillcrest,* we have recognized that a claim to an exemption from garnishment may be raised by motion even after the time stated for response to the garnishment summons. Second, and again, consonant with *Hillcrest,* we have further recognized that, whether an exemption exists, and, if so, when the exemption accrued as to warrant a refund, depends on the facts and circumstances of each case, but, in the present case, the trial court summarily denied Debtor's claim of exemption without a hearing to determine the relevant facts, or whether, on the facts, a refund should be granted.

¶ 20 The order of the trial court is accordingly REVERSED, and the cause REMANDED for further proceedings consistent with *Hillcrest* and this opinion.

MITCHELL, C.J., and HANSEN, P.J., concur.